**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01406-NYW

JULIENNE SCHAEFFER,

    Plaintiff,

v.

JBS CARRIERS, INC., a Delaware
limited liability company

    Defendant.

---

**UNOPPOSED MOTION FOR LEVEL 1 RESTRICTED ACCESS TO CONFIDENTIAL
EXHIBITS FILED WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Defendant JBS Carriers, Inc. ("JBS" or "Defendant"), by and through undersigned counsel, and pursuant to D.C.COLO.LCivR 7.2(c) and the Stipulated Protective Order entered in this matter (Doc. 39), respectfully requests that this Court grant Level 1 Restricted Access to Exhibits J and Q to Defendant's Motion for Summary Judgment. In support of this Motion, Defendant states as follows:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1**. Counsel for Defendant conferred with counsel for Plaintiff regarding the relief requested herein, who stated that Plaintiff does not oppose the relief requested.

1. Exhibits J and Q to Defendant's Motion for Summary Judgment contain confidential medical information, as defined by C.R.S. § 6-7-716, of non-parties to this action. The information contained in these exhibits is necessary to the Court's consideration of Defendant's Motion for Summary Judgment because it shows the type of information Plaintiff took from Defendant, giving rise to Defendant's counterclaims.

2. "Courts have long recognized a common-law right of access to judicial records but this right is not absolute." *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1241 (10th Cir. 2012) (citing *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007)). The privacy interests implicated by medical information deserve protection, as memorialized in a plethora of state and federal laws, and, under the present circumstances, outweigh the presumption of public access. Indeed, this privacy interest particularly deserves protection because these documents contain medical information of third parties who have not availed themselves of the Court in the present proceedings. Where the individual with the right to privacy "is not a party to [the] action" he cannot be said to have "abandoned his interest in maintaining the confidentiality" of a document. *See, e.g. Luxeyard, Inc. v. Bell,* No. 13-cv-02990-MSK-KMT, 2015 WL 11658700, *3 (D. Colo. Jan. 27, 2015). Thus, these third-parties' right to privacy, particularly with regard to something as sensitive as their medical information, is sufficient to warrant restricting access to Exhibits J and Q. *See id.* (restricting access to a third party's will).

3. No alternative to restricted access will adequately protect these third parties' privacy interests. The documents contained in Exhibits J and Q were produced as "Confidential" documents in accordance with the Stipulated Protective Order (Doc. 39) and Defendant redacted certain information in an effort to protect the identity of these individuals during discovery.

However, although Defendant has redacted the last names of the non-parties at issue, the medical information may still be descriptive enough to identify these individuals. Thus, public access to Exhibits J and Q may result in injury to non-parties by unnecessarily exposing their confidential medical information, which they have not put at issue in these proceedings, to the public.

4. This Motion seeks solely to limit access to the few exhibits which directly contains third parties' personal medical information. *See, e.g.,* D.C.COLO.LCivR 7.2(e) (suggesting that limiting "restricted access [solely] to exhibits or portions of exhibits" is preferred to completely restricting access to entire court filings).

5. Pursuant D.C.COLO.LCivR. 7.2(e), Exhibits J and Q to Defendant's Motion for Summary Judgment have been filed herewith as restricted document (Attachment 1 & 2).

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and maintain a Level 1 Restriction for Exhibits J and Q filed with Defendant's Motion for Summary Judgment.

Respectfully submitted, this 7th day of May, 2020.

SHERMAN & HOWARD L.L.C.

*/s/Amy Knapp*
Jonathon Watson
Beth Ann Lennon
Amy Knapp
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 299-8406
Facsimile: (303) 298-0940
jwatson@shermanhoward.com
blennon@shermanhoward.com
aknapp@shermanhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2020, a true and correct copy of the foregoing **UNOPPOSED MOTION FOR LEVEL 1 RESTRICTED ACCESS TO CONFIDENTIAL EXHIBITS FILED WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed via CM/ECF which will send notification to all parties of record.

*/s/ Barbara McCall*
Barbara McCall, Practice Assistant